**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| INFORMED CONSENT ACTION NETWORK, <br><br> Plaintiff, <br><br> v. <br><br> CENTERS FOR DISEASE CONTROL AND PREVENTION, et al <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )      Civil Action No. 23-0750 (RC) |

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant United States Department of Health and Human Services Centers for Disease Control ("CDC"), by and through undersigned counsel, respectfully moves this Court, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for an order granting summary judgment in favor of Defendant on the grounds that no genuine issue as to any material fact exists, and Defendant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56 (a).

In support of this motion, Defendant respectfully submits the attached Memorandum of Points and Authorities; Statement of Material Facts Not in Genuine Dispute; and the Declaration of Roger Andoh, Director of the Freedom of Information Act Office for the Centers for Disease Control and Prevention/Agency for Toxic Substances and Disease Registry ("CDC/ATSDR"), an entity of the U.S. Department of Health and Human Services (HHS).

A proposed Order consistent with the relief sought herein also is attached.

Dated: August 22, 2023



**RECEIVED**

AUG 22 2023

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

1

Respectfully Submitted,

MATTHEW M. GRAVES, D.C. Bar # 481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:   /s/
BENTON PETERSON, Bar #1029849
Assistant United States Attorney
601 D Street, N.W.
Washington, DC 20530
(202) 252-2534
Benton.Peterson@usdoj.gov

*Counsel for the United States of America*

2

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| INFORMED CONSENT ACTION NETWORK,         Plaintiff,     v.     CENTERS FOR DISEASE CONTROL AND PREVENTION, et al         Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)     Civil Action No. 23-0750 (RC)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

## I.    INTRODUCTION

This action was commenced by Plaintiff, Informed Consent Action Network pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, seeking disclosure by Defendant, Centers for Disease Control and Prevention (CDC), of

> All records concerning any meeting held regarding whether natural COVID-19 infections, or natural immunity, should count, qualify, or suffice in situations where the COVID-19 vaccine is mandated and where the meeting was attended by at least the following people:
>
> Vivek Murthy (U.S. Surgeon General)
>
> Francis Collins (Former Director of the National Institutes of Health),
>
> Anthony Fauci (Chief Medical Advisor to the President, Director of the National Institute of Allergy and Infectious Diseases),
>
> Rochelle Walensky (Director of the Centers for Disease Control and Prevention),
>
> and
>
> Paul Offit (Director of the Vaccine Education Center at Children's Hospital of Philadelphia).

3

Compl. ¶ 12.  As demonstrated below, CDC has fully complied with its obligations pursuant to the FOIA by conducting a reasonable and adequate search for, and properly providing, the records responsive to Plaintiff's request. Accordingly, based upon the declaration and the entire record herein, Defendant submits that it is entitled to judgment as a matter of law.

## II.    FACTUAL BACKGROUND

Defendant hereby incorporates its Statement of Material Facts Not in Genuine Dispute, filed together with this memorandum.

## III.    APPLICABLE LEGAL STANDARDS

### A.    Motions for Summary Judgment

Where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law," summary judgment is proper under Rule 56(a) of the Federal Rules of Civil Procedure. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48 (1986) (interpreting Rule 56(c), the prior version of Rule 56(a)); *Gaujacq v. EDF, Inc.,* 601 F.3d 565, 575 (D.C. Cir. 2010).  A genuine issue of material fact is one that would change the outcome of the litigation. *Anderson,* 477 U.S. at 248.  "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Id*. at 247-248 (emphasis in original).

It is well established that the moving party bears the burden of showing the absence of material issues. *See, e.g., Ferguson v. District of Columbia,* 629 A.2d 15, 19 (D.C.1993); *Burch v. Amsterdam Corp.,* 366 A.2d 1079, 1084 (D.C.1976). At this initial stage, the movant must inform the trial court of the basis for the motion and identify "those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*

*Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (quoting fed. R. Civ. P. 56(c)[12]); *accord, e.g., Musa v. Continental Insurance Co.,* 644 A.2d 999, 1002 (D.C.1994) (citing *Celotex* ).

Once the moving party has shown that there is an absence of evidence to support the non-movant's case, the non-movant may not reston mere allegations, but must "make a sufficient showing on an essential element of [his] case" to establish a genuine dispute. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986); *Burke v. Gould*, 286 F.3d 513, 517-20 (D.C. Cir. 2002) (requiring a showing of specific, material facts). "[T]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252.  Thus, to avoid summary judgment, the plaintiff must present some objective evidence that would enable the court to find he is entitled to relief.  *See Celotex*, 477 U.S. at 322-23; *see also Laningham v. Navy*, 813 F.2d 1236, 1242 (D.C. Cir. 1987) (non-moving party is "required to provide evidence that would permit a reasonable jury to find" in its favor).

### B. FOIA Actions and Summary Judgment

The summary judgment standards set forth above also apply to FOIA cases, which are typically decided on motions for summary judgment.  *See Harrison v. EOUSA*, 377 F. Supp. 2d 141, 145 (D.D.C. 2005) (FOIA cases are typically and appropriately decided on motions for summary judgment.).  In a FOIA suit, an agency is entitled to summary judgment once it demonstrates that no material facts are in dispute and that each document that falls within the class requested either has been produced or is exempt from disclosure.  *Students Against Genocide v. Dep't of State*, 257 F.3d 828, 833 (D.C. Cir. 2001).

5

An agency satisfies the summary judgment requirements in a FOIA case by providing the Court and the plaintiff with affidavits or declarations and other evidence that show that the documents are exempt from disclosure. *Hayden v. Nat'l Sec. Agency/Cent. Sec. Serv.*, 608 F.2d 1381, 1386 (D.C. Cir. 1979).  The district court is required to accord substantial weight to declarations submitted by an agency in support of the claimed exemptions, 5 U.S.C. § 552(a)(4)(B), and such declarations are presumed to be submitted in good faith.  *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991). Indeed, summary judgment may be awarded to an agency in a FOIA case solely on the basis of agency affidavits [or declarations] "when the affidavits describe 'the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith.'" *Trans Union LLC v. FTC*, 141 F. Supp. 2d 62, 67 (D.D.C. 2001) (quoting *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981)).

IV.    **ARGUMENT**

A.    **CDC's Search Was Reasonably Calculated to Find Responsive Records**.

In responding to a FOIA request, an agency is under a duty to conduct a reasonable search for responsive records.  *Oglesby v. Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990). The established reasonableness standard by which FOIA searches are judged "does not require absolute exhaustion of the files; instead it requires a search reasonably calculated to uncover the sought materials." *Miller v. Dep't of State*, 779 F.2d 1378, 1384-85 (8th Cir. 1986); *accord Oglesby*, 920 F.2d at 68 (the agency "must show that it made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested."). Conducting a "reasonable" search is a process that requires "both systemic and case-specific exercises of discretion and administrative judgment and expertise"

6

and is "hardly an area in which the courts should attempt to micro-manage the executive branch." *Schrecker v. Dep't of Just.*, 349 F.3d 657, 662 (D.C. Cir. 2003). Thus, declarations that "explain in reasonable detail the scope and method of the search conducted by the agency will suffice to demonstrate compliance with the obligations imposed by the FOIA." *Perry v. Block*, 684 F.2d 121, 127 (D.C. Cir. 1982). Once the Court determines that the declarations are sufficient, it need not inquire further. *See Students Against Genocide*, 257 F.3d at 838.

As noted above and as detailed in the Declaration of Roger Andoh, Director of the Freedom of Information Act Office for the Centers for Disease Control and Prevention/Agency for Toxic Substances and Disease Registry ("CDC/ATSDR"), Plaintiff sought "All records concerning any meeting held regarding whether natural COVID-19 infections, or natural immunity, should count, qualify, or suffice in situations where the COVID-19 vaccine is mandated and where the meeting was attended by at least the following people," namely the five individuals specified above. Plaintiff further explained that "Records sought include, but should not be limited to, any recordings, transcripts, minutes, and notes taking during the meeting, as well as any reports or records used or shared with meeting participants prior to or during the meeting," and Plaintiff limited the request to "records created, modified, sent, received, or shared between January 1, 2021, and December 19, 2021." Andoh Decl. ¶ 9.

The CDC FOIA Office reasonably interpreted the words "was attended by at least the following people" to mean that the records Plaintiff sought were records involving meetings where all five persons listed would have had to have been present. Andoh Decl. ¶ 11. As a result, the CDC FOIA Office determined that any responsive material would include (former) CDC Director Walensky's name, as she was one of the five listed persons. Accordingly, in response to the FOIA request specifically, the CDC FOIA Offices tasked 1) the Office of the

Director (OD)/Office of the Chief of Staff (OCS) (referred to herein as "the OD/OCS Calendar office" and 2) the Executive Secretary for the CDC Director (OD/OCS Exec Sec.). *Id*. ¶¶ 13-14. These programs and offices were selected to be searched because these were the offices the office most likely to possess responsive records concerning (former) CDC Director Walensky possible meetings with the individuals named in the FOIA request. *Id.*

The OD/OCS Calendar office coordinates and manages the CDC Director's schedule, travel, and briefing materials.  The scheduler for the Director is responsible for adding all meetings that involve the Director as a party into the Director's calendar, which would also include any attachments that need to be included in each calendar entry.  On March 11, 2022, OD/OCS Calendar office conducted an electronic search using the names of the five listed individuals to locate potentially responsive records pertaining to meetingconsidering whether natural COVID-19 infections, or natural immunity, should count, qualify, or suffice in situations where the COVID-19 vaccine is mandated.  No records were found.  *Id*. ¶ 14.

The Executive Secretary (OD/OCS Exec. Sec.) of the CDC Director was contacted because that office has access to the Office of the Director Walensky's shared drives where documents are stored and because the office of the Executive Secretary manages the collection of the CDC Director's correspondence and documents in response to FOIA requests. *Id*. ¶15.  On March 3, 2022, the OD/OCS conducted an electronic search using the names of the five listed individuals to locate potentially responsive records pertaining to meetings considering whether natural COVID-19 infections, or natural immunity, should count, qualify, or suffice in situations where the COVID-19 vaccine is mandated.  No records were found.  As the Andoh declaration details, the offices of the OD/OCS Exec Sec and OD/OCS calendars are the offices and program

areas that serve as the central repository for records that are likely to be responsive to the FOIA request at issue. *Id.* ¶¶ 13-15.

In short, the CDC reasonably concluded that if any responsive records existed regarding meetings involving the five persons identified in Plaintiff's FOIA Request, the Office of the Director / Office of the Chief of Staff and the Executive Secretary for the CDC Director would have located them.  Hence, the CDC conducted a reasonable, diligent, and adequate search that utilized methods reasonably expected to locate records responsive to Plaintiff's FOIA request. That none were located does not mean that the CDC did not conduct an adequate search.  To the contrary, CDC's search was a "reasonable[] effort in light of the specific request" and is therefore adequate for the purposes of summary judgment.  *Meeropol v. Meese*, 790 F.2d 942, 956 (D.C. Cir. 1986).

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that its Motion for Summary Judgment be granted because there are no genuine issues of material fact, and Defendant is entitled to judgment as a matter of law. See Fed. R. Civ. Proc. 56(a).

August 22, 2023                         Respectfully Submitted,

                                        MATTHEW M. GRAVES, D.C. Bar # 481052
                                        United States Attorney

                                        BRIAN P. HUDAK
                                        Chief, Civil Division

                                        By:    /s/
                                        BENTON PETERSON, Bar #1029849
                                        Assistant United States Attorney
                                        601 D Street, N.W.
                                        Washington, DC 20530
                                        (202) 252-2534
                                        Benton.Peterson@usdoj.gov

                                        *Counsel for the United States of America*

10